UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X

CHRISTOPHER CHISHOLM,

Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF
CORRECTION, *et al.*,

Defendants.

------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/09

**MEMORANDUM
OPINION AND ORDER**

08 Civ. 8795 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.      INTRODUCTION

Christopher Chisholm, presently incarcerated and proceeding pro se,

brings this action against the New York City Department of Correction ("DOC")

pursuant to section 1983 of Title 42 of the United States Code.[1]  Defendants now

move to dismiss pursuant to Federal Rule of Civil Procedure 12(c).  For the

reasons stated below, the motion to dismiss is granted.

## II.      BACKGROUND[2]

---

[1]      Although Correction Officer ("CO") Ricardo Lebron was originally
named a defendant, the Court dismissed him as a party to this action on April 6,
2009 at a pre-trial conference.

[2]      *See* Complaint ("Compl.") II(D).

1

On February 2, 2008, Chisholm was escorted to his cell where the back food slot was left open. The back slot then "slammed shut" on his finger and released after fifteen to twenty seconds.[3] At the time of the incident, CO Lebron was stationed at the top tier.[4] Chisholm received medical attention an hour later, when a doctor cleaned, sutured and dressed the wound, and then placed his finger into a splint.

Chisholm filed a grievance report at the Otis Bantum Correctional Center ("OBCC"), which has adopted the Inmate Grievance Resolution Program ("IGRP") of the DOC.[5] His grievance alleged "injuries, lack of professionalism and poor work ethics."[6] After receiving a response that this was a "non-grievable issue,"[7] Chisholm appealed to the Warden, Commissioner, and the New York City Board of Correction.[8] Chisholm received no response regarding his appeal. He

_____

[3]      *See id.*

[4]      Although neither party identifies who shut the door, Chisholm alleges CO Lebron was responsible because "he was the only officer that was working the toptier . . . [and] paid no attention . . . [to his] cries for help." *See id.*

[5]      *See id.* ¶ IV(E).

[6]      *Id.* ¶ F(1).

[7]      *Id.* ¶ F(2).

[8]      *See id.* Neither party has disclosed the identities of the Warden or Commissioner, neither of whom have been named as parties in this action.

did not request a hearing on his grievance or appeal to the Central Office Review Committee ("CORC").[9] On September 5, 2008, he filed a complaint with this Court.

On April 20, 2009, defendants filed and served a motion to dismiss the Complaint in its entirety. On May 19, 2009, this Court sent Chisholm an Order directing him to file opposition papers to defendants' motion by July 3, 2009.[10] Despite defendants' notice and this Court's Order, Chisholm failed to submit any opposition papers.

## III.   LEGAL STANDARD

### A.   Exhaustion of Administrative Remedies [11]

---

[9]     *See id.* ¶ F(2).

[10]    *See* 5/19/09 Order at 2.

[11]    Although defendants raise this affirmative defense in their Answer, they did not raise it in their 4/21/09 Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(c) ("Def. Mem."); *see also* Answer ¶ 13. Defendants instead moved for judgment on the pleadings based on Chisholm's failure to state a claim. *See* Def. Mem. at 1-2. District courts are widely acknowledged to possess the power to dismiss a Complaint *sua sponte*. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). When it appears clearly upon the record that all of the evidentiary materials that a party might submit are before the court, a *sua sponte* grant of a motion to dismiss may be appropriate. *See Ramsey v. Coughlin*, 94 F.3d 71, 73-74 (2d Cir. 1996) (citing *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir. 1991)).

3

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust all administrative remedies before bringing an action regarding prison conditions.[12]  Failure to exhaust is an absolute bar to an inmate's action in federal court: "[section] 1997e(a) requires exhaustion of available administrative remedies *before* inmate-plaintiffs may bring their federal claims to court at all."[13] Furthermore, the United States Supreme Court has held that "the PLRA's exhaustion requirements applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[14]

The IGRP is a "well-established" five-step administrative grievance process in New York state prisons.[15]  Under the IGRP,

> [i]nmates must file their complaints with the Inmate Grievance Resolution Committee ("IGRC") which attempts

---

[12]    *See* 42 U.S.C. § 1997e(a) (providing that:  "[N]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." ("section 1997").  *See also Porter v. Nussle*, 534 U.S. 516, 516 (2002).

[13]    *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) (quotation marks and citation omitted, emphasis in original).

[14]    *Porter*, 543 U.S. at 532 (2002).

[15]    *See, e.g., Williams v. City of New York*, No. 03 Civ. 5342, 2005 WL 2862007, at *27 (S.D.N.Y. Nov. 4, 2005).

4

> to informally resolve the grievance within 5 working days.
> If there is no resolution, the inmate may request a formal
> hearing before the IGRC, which will issue a
> recommendation within three working days. The inmate
> may appeal the IGRC's decision to the Warden, who has
> five working days to render a decision. The inmate may
> then appeal the Warden's decision to the [CORC] which
> has fifteen working days to render a decision. The inmate
> may then appeal the CORC decision to the Board of
> Correction. Only after these steps are followed can an
> inmate file suit in the district court.[16]

Courts have repeatedly emphasized that a prisoner must pursue all levels of the

administrative procedure, even when he does not receive a response to his initial

grievance, in order to properly exhaust, and "[s]trict compliance" with the

procedure is required.[17]

While the Second Circuit has recognized that the PLRA's exhaustion

requirement is mandatory, it has also recognized three exceptions to the

exhaustion requirement:

> when (1) administrative remedies are not available to the
> prisoner; (2) defendants have either waived the defense of
> failure to exhaust or acted in such a way as to estop them
> from raising the defense; or (3) special circumstances, such

---

[16]   *Bligen v. Griffen*, No. 06 Civ. 4400, 2007 WL 430427, at *6
(S.D.N.Y. Feb. 8, 2007).

[17]   *See, e.g.*, *George v. Morrison*, No. 06 Civ. 3188, 2007 WL 1686321,
at *14-15 (S.D.N.Y. June 11, 2007) (citing cases); *McCoy v. Goord*, 255 F. Supp.
2d 233, 246 (S.D.N.Y. 2003) (internal quotations omitted).

5

> as reasonable misunderstanding of the grievance
> procedure, justify the prisoner's failure to comply with the
> exhaustion requirement.[18]

The Second Circuit has held that "'[a]lert[ing] the prison officials as to the nature

of the wrong for which redress is sought,' . . . does not constitute proper

exhaustion."[19]  "[N]otice alone is insufficient because '[t]he benefits of exhaustion

can be realized only if the prison grievance system is given fair opportunity to

consider the grievance' and '[t]he . . . system will not have such an opportunity

unless the grievance complies with the system's critical procedural rules.'"[20]

## IV.   DISCUSSION

The pleadings before the Court reveal no material dispute of fact.

Chisholm has been given a full and fair opportunity to respond to the motion for

judgment on the pleadings.  Accordingly, a *sua sponte* grant of the motion based

on his failure to exhaust administrative remedies may be appropriate.

The instant motion presents three issues:  (1) whether administrative

---

[18]     *Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006).

[19]     *Marias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (quoting *Braham v. Clancy*, 425 F.3d 177, 184 (2d Cir. 2005) and citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) (finding plaintiff "cannot satisfy the PLRA's exhaustion requirement solely by filing two administrative tort claims, or by making informal complaints to [prison] staff")).

[20]     *Id.* (quoting *Woodford*, 549 U.S. at 95).

remedies were available to Chisholm; (2) whether defendants are estopped from asserting exhaustion as a defense; and (3) whether special circumstances excuse Chisholm' failure to exhaust administrative remedies.

To be available, an administrative remedy must "afford the possibility of some relief for the action complained of."[21]  In some circumstances, the behavior of the defendant may render administrative remedies unavailable.[22]  To the extent that a plaintiff lacks available administrative remedies, the PLRA's exhaustion requirement does not apply.[23]

It is undisputed that Chisholm did not request a hearing on his grievance or appeal, as required by the IGRP.[24]  By failing to file any opposition papers, Chisholm has not contested defendants' argument that he failed to exhaust all administrative remedies available to him.

Chisholm has also not alleged any facts to support an exemption from the exhaustion requirement.  In his Complaint, he does not allege that all available

---

[21]     *Booth v. Churner*, 532 U.S. 732, 738 (2001).

[22]     *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (remanding case to the district court to determine whether some seemingly available remedies were rendered unavailable by threats made by correction officers).

[23]     *See id*.

[24]     *See* Compl. ¶ IV(3); *see also* Answer ¶ 13.

7

administrative remedies were procedurally unavailable at OBCC or were rendered

unavailable by any action of any defendant. Chisholm also does not allege that

any defendant ever acted in any way to estop defendants from asserting non-

exhaustion as a defense, or that any special circumstances may exist to justify his

failure to exhaust all possible remedies.

Because Chisholm did not satisfy the exhaustion requirement and has

not presented any facts on which this Court could base an exception, his

Complaint is dismissed without prejudice to give Chisholm the opportunity to re-

file once he has exhausted all remedies, as required by PLRA section 1997e(a).

## V.    CONCLUSION

Accordingly, defendants' motion to dismiss is granted. The Clerk

of the Court is directed to close this motion [Docket No. 14] and this  case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          July 10, 2009

8

## - Appearances -

**Plaintiff (Pro Se):**

Derrick James (#08A2148)
Great Meadow Correctional Facility
11739 State Route 22
P.O. Box 51
Comstock, New York 12821-0051

**For Defendants:**

David A. Rosinus, Jr.
Assistant Corporation Counsel
100 Church Street, Room 2-305
New York, New York 10007
(212) 788-8316